IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LISA CHEVRIER,**

      **Plaintiff,**

v.                                                                                                        CIV-05-0678 LAM

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**

# **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing* (*Doc. 11*). In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed Plaintiff's motion and her memorandum in support of the motion (*Doc. 12*), Defendant's response to the motion (*Doc. 13*), Plaintiff's reply in support of the motion (*Doc. 14*), the pleadings filed in this case and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R*."). For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and this case **REMANDED** to the Commissioner of Social Security (hereinafter, "Commissioner") for further proceedings consistent with this Memorandum Opinion and Order.

## **I.  Procedural History**

On May 22, 2003, Plaintiff, Lisa Chevrier, filed applications for disability insurance and supplemental security income benefits. (*R. at 45-47, 282-284.*)  In connection with her applications, she alleged a disability since November 28, 2002, due to bipolar disorder, a hip condition and Osgood-Schlatter disease.[1]  (*R. at 45, 51, 282.*)  Plaintiff's applications were denied at the initial and reconsideration levels. (*R. at 25-26, 285-286.*)

Plaintiff requested a hearing and an administrative law judge (hereinafter "ALJ") conducted a hearing on November 1, 2004.  (*R. at 290.*)  Plaintiff was present and testified at the hearing. (*R. at 290-302.*)  Plaintiff was represented by counsel at the hearing.  (*R. at 290.*)  Karen Provine, a vocational expert (hereinafter, "VE") retained by the Commissioner, also testified at the hearing. (*R. at 303-304.*)  On February 22, 2005, the ALJ issued his decision in which he found that Plaintiff was not disabled at step four of the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, because she could still perform her past relevant work as a housekeeping cleaner.[2]  (*R. at 17-18.*)  With regard to Plaintiff's application for disability insurance

---

[1] Osgood-Schlatter disease is an inflammatory disease that affects the tibia bone in the leg.  *See Stedman's Medical Dictionary* (27th ed., Lippincott Williams & Wilkins 2000).  Because Plaintiff has not challenged the ALJ's findings regarding her physical condition, the Court will not consider her allegations that she was disabled due to a hip condition and Osgood-Schlatter disease.

[2] The ALJ made the following specific findings, *inter alia*, with regard to Plaintiff: (1) she met the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through the date of the ALJ's decision; (2) she had not engaged in substantial gainful activity since her alleged onset date of disability; (3) her bipolar disorder and hip and leg pain were "severe" impairments based on the requirements in 20 C.F.R. §§ 404.1520(c) and 416.920(b); (4) her impairments did not meet, or medically equal, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1; (5) her allegations regarding her limitations were not totally credible "for the reasons set forth in the body of the [ALJ's] decision; (6) she had the residual functional capacity (hereinafter "RFC") to perform "light work with psychologically based symptoms, consistent with ability to understand, remember, and carry out simple tasks and inability to work well with the general public"; (7) her past relevant work as a housekeeping cleaner, which was unskilled and light work, did not require the performance of work-related activities precluded by her RFC; (8) her bipolar disorder did not
(continued...)

benefits, the ALJ concluded that Plaintiff was not entitled to a period of disability or disability insurance benefits pursuant to the Social Security Act. (*R. at 18.*) He also found that she was not eligible for supplemental security income payments under the Social Security Act. *Id.*

After the ALJ issued his decision, Plaintiff filed a request for review of his decision. (*R. at 8.*) On May 20, 2005, the Appeals Council issued its decision denying her request for review, making the ALJ's decision the final decision of the Commissioner in her case. (*R. at 4-7.*) On June 16, 2005, Plaintiff filed her complaint in this action.[3]

## II. Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *See, e.g., Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). This Court's assessment is based on a meticulous review of the entire record, where the Court can neither re-weigh the evidence nor substitute its judgment for that of the agency. *See Hamlin*, 365 F.3d at 1214; *see also Langley*, 373 F.3d at 1118. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation

---

[2](...continued)
prevent her from performing her past relevant work; and (9) she was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision. (*R. at 16-17.*)

[3]*See **Complaint** (Doc. 1)*.

omitted); *see also Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation omitted); *see also Hamlin*, 365 F.3d at 1214. While the Court may not reweigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).

For purposes of disability insurance benefits, a person is considered to be disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A five-step sequential evaluation process has been established for evaluating a disability claim. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520 and 416.920. At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful activity; that he has a medically severe impairment or combination of impairments; and that either his impairment(s) meet or equal one of the presumptively disabling impairments listed in the regulations under 20 C.F.R., Part 404, Subpart P, Appendix 1,[4] or that he is unable to perform his past relevant work. *See Grogan v. Barnhart*, 399 F.3d at 1261 (10th Cir. 2005); 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). At the fifth step of the evaluation

---

[4]If a claimant can show that his impairment meets or equals a listed impairment, and also meets the duration requirement in 20 C.F.R. § 404.1509 (requiring that an impairment have lasted or be expected to last for a continuous period of at least twelve months), he will be found disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii) and 404.1520(d); *see also* 20 C.F.R. §§ 416.909, 416.920(a)(4)(iii) and 416.920(d).

process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work, considering his RFC, age, education, and work experience. *Id.*

### III. Plaintiff's Age, Education, Work Experience and Medical History; Vocational Expert

Plaintiff was thirty-four years old on the date of the ALJ's decision. (*R. at 18, 45.*) She testified at the administrative hearing that she graduated from high school and completed a nursing assistant program. (*R. at 291.*) Plaintiff reports having past work experience as a restaurant worker, housekeeper/laundry worker, secretary, home-health aide, resident assistant in an assisted living business, laborer and program assistant. (*R. at 52, 63.*) Plaintiff's medical records document treatment by Socorro Mental Health, Inc. and Socorro Mental Health Foundation, Inc. (*R. at 134-240, 260-267, 277-280.*) The *Record* also includes the report of a consultative examination of Plaintiff by physician G.T. Davis, M.D., dated November 11, 2003 (*R. at 127-133*), and the report of a psychological/vocational evaluation on March 7, 2003, of Plaintiff by psychologist Clifford O. Morgan, Ph.D. (*R. at 115-124*). The *Record* also includes a "Mental Residual Functional Capacity Assessment" form[5] and a Psychiatric Review Technique form[6] for Plaintiff, both dated August 21, 2003, completed by state agency physician Elizabeth Chiang, M.D. (*R. at 241-244, 245-258.*) Additionally, the *Record* includes a case assessment for Plaintiff dated December 2, 2003, by physician Nancy Nickerson, M.D.[7] (*R. at 259.*) As noted above, VE Karen Provine testified at

---

[5]The assessment in this form was affirmed by state agency physician Scott Walker, M.D., on April 20, 2004. (*R. at 243.*)

[6]The assessment in this form was affirmed by state agency physician Scott Walker, M.D., on April 20, 2004. (*R. at 245.*)

[7]This assessment was affirmed by physician Mark Werner, M.D., on April 20, 2004. (*R. at 259.*)

Plaintiff's administrative hearing. (*R. at 303-304.*) Where relevant, Plaintiff's medical records and the testimony of VE Provine are discussed in more detail below.

## **IV. Discussion/Analysis**

Plaintiff contends that the ALJ's decision at step four of the sequential evaluation process is not supported by substantial evidence and is the result of legal error. Specifically, Plaintiff contends that: (1) the ALJ erred in all three phases of the analysis required by *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996), in determining whether Plaintiff could perform her past relevant work as a housekeeping cleaner; and (2) the ALJ failed to link his credibility finding that Plaintiff's "statements concerning her impairments and their impact on her ability to work are not entirely credible in light of discrepancies between [her] assertions and information contained in the documentary reports and the medical history,"[8] to evidence in the *Record* as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) and *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988). *See Plaintiff's Memorandum in Support of Motion to Reverse and Remand for a Rehearing* (*Doc. 12*) at 3-4, 15. As relief, Plaintiff asks the Court to reverse the Commissioner's decision and remand this case for continuation of the sequential evaluation and the making of a legally sufficient credibility finding. *Id.* at 16. Defendant argues that the decision of the ALJ should be affirmed because he applied the correct legal standards and his decision is based on substantial evidence. *See Defendant's Response to Plaintiff's Motion to Reverse and Remand* (*Doc. 13*) at 16.

---

[8]*Record* at 16.

### *A. New Evidence*

As a threshold matter, the Court must decide whether it can consider the Psychiatric - Psychological Source Statement of Ability to Do Work-Related Activities (Mental-MSS) (hereinafter, "Mental-MSS") form dated April 14, 2005, prepared by Plaintiff's treating physician, Dr. W. Winslow, which Plaintiff relies on in her argument in this case.[9] A copy of this Mental-MSS form, together with copies of a related transmittal letter dated April 19, 2005, from Plaintiff's counsel to the Appeals Council, and a certified mail receipt for the transmittal letter showing receipt of the letter by the Appeals Council on April 26, 2005, are attached to Plaintiff's ***Memorandum in Support of Motion to Reverse and Remand for a Rehearing*** (*Doc. 12*) as Exhibits B and C. These documents are not part of the certified, administrative *Record* filed by the Commissioner and they are not mentioned in the Appeals Council's Notice of Appeals Council Action and related Order of Appeals Council.[10]

Plaintiff argues that the Court should treat Dr. Winslow's Mental-MSS form is if it were part of the *Record* and consider it as evidence in this appeal because Plaintiff's transmittal letter and certified mail receipt show that the Appeals Council received the Mental-MSS form almost one month before it rendered its decision in her case on May 20, 2005. *See* ***Memorandum in Support of Motion to Reverse and Remand for a Rehearing*** (*Doc. 12*) at 6. Defendant does not refer to these documents or discuss them in ***Defendant's Response to Plaintiff's Motion to Reverse and Remand***

---

[9]Dr. Winslow's Mental-MSS form evaluates Plaintiff's limitations in the following areas: understanding and remembering instructions; sustained concentration and task persistence; social interactions; and adaptation. It also provides information related to alcohol and other substances of abuse, Plaintiff's ability to manage benefits in her own best interest and Dr. Winslow's diagnosis of her mental disorders.

[10]Copies of this notice and order are in the *Record* at 4-7.

7

(*Doc. 13*). Thus, Defendant does not dispute either the authenticity of Dr. Winslow's Mental-MSS form or Plaintiff's assertion that the form was submitted to the Appeals Council in April of 2005.

If Dr. Winslow's Mental-MSS form was not submitted to the Appeals Council, it should be analyzed under 42 U.S.C. § 405(g), which authorizes a reviewing court to remand a case to the Commissioner when new and material evidence comes to light and the claimant shows there is good cause for failing to incorporate the evidence into the record in a prior proceeding. However, the Court will not apply that standard here because the parties do not dispute that Dr. Winslow's Mental-MSS form was submitted to the Appeals Council before it issued its decision. Instead, the Court will analyze this issue under Tenth Circuit case law and federal regulations governing evidence submitted to the Appeals Council.

Evidence submitted for the first time to the Appeals Council becomes part of the administrative record *only* if the evidence meets the requirements of 20 C.F.R. §§ 404.970(b) and 416.1470(b) for consideration by the Appeals Council. *See Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), citing *Wilson v. Apfel*, No. 99-3310, 215 F.3d 1338, 2000 WL 719457 at *2 (10th Cir. June 5, 2000) (unpublished). To be considered by the Appeals Council, additional evidence must be new, material and related to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970(b) and 416.1470(b). Unless additional evidence meets these requirements, it does not qualify as record evidence on judicial review. *See Chambers*, 389 F.3d at 1142; *Wilson*, 2000 WL 719457 at *2.

In this case, Plaintiff has failed to show that Dr. Winslow's Mental-MSS form relates to the period on or before the date of the ALJ's decision. The *Record* shows that the ALJ issued his decision on February 22, 2005. (*R. at 18.*) Dr. Winslow's Mental-MSS form is dated April 14, 2005,

almost two months later.  *See **Memorandum in Support of Motion to Reverse and Remand for a Rehearing*** (*Doc. 12*), Exhibit B.  Although the Mental-MSS form states that it is based on Dr. Winslow's "[e]xamination of this individual, the clinical history, and a review of the available medical evidence," (*id.* at Exhibit B, second page), the form gives no dates for the examination and it provides no chronology or description for the referenced clinical history and medical evidence.  Even though Dr. Winslow was Plaintiff's treating physician at Socorro Mental Health, Inc. for several years, there is nothing in the Mental-MSS form to indicate that the form's contents relate to Plaintiff's condition on or before February 22, 2005, the date of the ALJ's decision.  Because the Mental-MSS form, on its face, does not appear relevant to the time period on or before the date of the ALJ's decision, it fails to qualify as part of the administrative record evidence and the Court will not consider it in evaluating Plaintiff's claims.  *See Wilson*, 2000 WL 719457 at *2 (evidence submitted to the Appeals Council that is not chronologically relevant to the time period on or before the date of the ALJ's decision does not qualify as record evidence and is not considered on judicial review) (cited with approval in *Chambers*, 389 F.3d at 1142).

### B.  *Plaintiff's RFC and Her Past Relevant Work*

Plaintiff challenges the ALJ's finding at step four of the sequential evaluation process that Plaintiff could perform her past relevant work as a housekeeping cleaner.  Specifically, Plaintiff contends that the ALJ erred in all three phases of the analysis required by *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  *Winfrey* requires that an ALJ perform a three-part analysis to determine if a claimant can perform her past relevant work.  This analysis requires that an ALJ: (1) evaluate the claimant's physical and mental RFC; (2) determine the physical and mental demands

of the claimant's past relevant work; and (3) determine if the claimant can meet the demands of her past relevant work given the physical and/or mental limitations of her RFC. *Id.*

Plaintiff argues, with regard to the first part of the *Winfrey* analysis, that the ALJ failed to properly assess her mental RFC. Most significantly, Plaintiff contends that the ALJ violated 20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2) by failing to include required, specific findings in his decision regarding the degree of Plaintiff's limitation in four functional areas resulting from her mental impairment. These functional areas, described in 20 C.F.R. §§ 404.1520a(c)(3) and 416.920a(c)(3), are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. When evaluating a mental impairment, an ALJ must make specific findings with regard to a claimant's degree of limitation in each of these four functional areas and must include the specific findings in his decision.[11] "These elements of functional loss are then used in evaluating the claimant's disability throughout the sequential evaluation process." FRANK S. BLOCH, BLOCH ON SOCIAL SECURITY §3.38 (2006). Defendant does not address this argument in its response to Plaintiff's motion.

In this case, the ALJ included no findings in his decision regarding Plaintiff's degree of limitation in each of the four functional areas resulting from her mental impairment. In considering whether Plaintiff's bipolar disorder met the listing requirements for "Affective Disorders" in Section 12.04 of 20 C.F.R., Part 404, Subpart P, Appendix 1, the ALJ stated that Plaintiff failed to

---

[11]The regulations provide, in relevant part, that:

> The decision [issued by the administrative law judge] must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2).

meet the "B" criteria of Section 12.04;[12] however, this finding does not satisfy the legal requirement that the ALJ describe Plaintiff's degree of limitation in the four functional areas which is "necessary for the ALJ's analysis and determination of RFC." *Simmons v. Barnhart*, 327 F. Supp. 2d 1308, 1313 (D. Kan. 2004). The ALJ's failure to comply with the regulatory requirement that he make specific findings regarding the degree of Plaintiff's limitation in each of the four functional areas, and the omission of these findings from his decision, was a failure to apply correct legal standards. Therefore, the Court will remand this case. On remand, the ALJ must make the findings required by 20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2) as to Plaintiff's degree of limitation in each of the four functional areas and include the findings in his decision. The ALJ must also reassess Plaintiff's RFC on the basis of such findings and complete the sequential evaluation process based his reassessment of her RFC.[13] Because the ALJ's findings on remand could affect the outcome of the remainder of the sequential evaluation process, the Court will not consider Plaintiff's other arguments related to the *Winfrey* analysis.

### C. Plaintiff's Credibility

In the section of his decision titled "Evaluation of the Evidence," the ALJ made the following statement regarding Plaintiff's credibility:

> The claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible in light of discrepancies between the claimant's assertions and information contained in the documentary reports and the medical history.

---

[12]*See Record* at 14. This was essentially a finding by the ALJ that Plaintiff's mental impairment did not result in two or more of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. *See* Section 12.04(B), 20 C.F.R., Part 404, Subpart P, Appendix 1.

[13]In ordering the remand of this case, the Court expresses no opinion on the merits of Plaintiff's claim that she is disabled.

(*R. at 16.*)  Additionally, in his findings at the conclusion of his decision, the ALJ found that "the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." (*R. at 17.*)  Plaintiff argues that the ALJ failed to link his finding regarding Plaintiff's credibility to evidence in the *Record* and this was legal error warranting remand.  The Court agrees.

Social Security Ruling 96-7p, 1996 WL 374186, governing an ALJ's assessment of the credibility of a claimant's description of symptoms, provides that "[i]t is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* at *4.  Instead, an ALJ's decision, "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*  While credibility determinations are the province of the fact finder, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted); *see also, Kepler v. Chater*, 68 F.3d 387, 390-391 (10th Cir. 1995) (holding that ALJ's credibility determination was inadequate where decision simply recited general factors he considered and then said claimant was not credible based on those factors).

In this case, the ALJ's decision gave only his conclusions about Plaintiff's credibility, with no explanation or analysis, and the ALJ failed to link his credibility determinations to specific evidence in the *Record*.  This was a failure to apply correct legal standards which requires remand to assess Plaintiff's credibility.  On remand, the ALJ must make express findings with reference to the relevant

evidence he considers in determining Plaintiff's credibility and the ALJ must include these findings in his decision. The Court cannot speculate as to which evidence the ALJ relied on in assessing Plaintiff's credibility in this case.

## V.  Conclusion

In conclusion, the Court **FINDS** that the ALJ's decision failed to apply correct legal standards related to the evaluation of Plaintiff's mental impairment and the assessment of her credibility. Accordingly, the Court will **GRANT** Plaintiff's *Motion to Reverse and Remand for a Rehearing* (*Doc. 11*) and **REMAND** this case to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse and Remand for a Rehearing* (*Doc. 11*) is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**